

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 1, 1974

The Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 E.' Eleventh Street
Austin, Texas 78701

Opinion No. H- 266

Re:     Whether ISD once having pro-
        vided for a runoff election,
        must do so in each election
        thereafter

Dear Dr. Edgar:

In 1955 the Texas Legislature adopted Article 2775a-1, Vernon's Texas Civil Statutes, authorizing the trustees of independent school districts to order that all candidates for school trustee be voted on by position and be designated on the ballot according to the number of the position which they sought. It further provided:

> "Once the Board of Trustees of an independent school
> district shall have adopted the foregoing procedure
> for elections, said Board of Trustees 'or their succes-
> sors may not rescind the action which adopted the
> foregoing procedure."

Pursuant to this legislation, the Board of Trustees of the Abilene Independent School District resolved that its trustees would be so elected. Election was on the basis of the winning candidate having a plurality of the votes. There were no runoff elections.

In 1969, with the adoption of the Education Code, V. T. C. S., Article 2775a-1 became § 23. 11 of the Code. The language of Article 2775a-1 which we have quoted became Subsection (f) of § 23. 11:

> "(f) Once the board of trustees of an independent school
> district has adopted the provisions of this section,
> neither the board of trustees nor their successors may
> rescind the action."

The Honorable J. W. Edgar, page 2   (H-266)


In 1971 by Acts 1971, 62nd Leg., ch. 760, p. 2410, effective August 30, 1971, § 23.11 was amended by adding to it Subsection (h):

> "(h) The board may also provide by resolution, at least 60 days prior to the election, that if no candidate for a position receives a majority of the votes cast for that position the board will order a runoff election to be held not more than 30 days after the date of the first election. At that runoff election, the names of the two persons receiving the highest number of votes for that position in the first election shall be placed on the ballot."

Pursuant to this authority, the Board of Trustees of the Abilene District, in 1972 adopted the following resolution:

> "BE IT FURTHER RESOLVED, that if in the election herein called for April 1, 1972, no candidate for a position on the ballot shall receive a majority of the votes cast for such position, the Board of Education will order a runoff election to be held not more than thirty days after the date of the first election, and that the names of the two persons receiving the highest number of votes for that position in the first election shall be placed on the ballot for the runoff election."

There has been no similar resolution adopted with reference to the election to be held April 6, 1974. You have asked:

> "Under the submitted facts, legally must a runoff election be called in the April 1974 trustee election of the Abilene school district, should a candidate not receive a majority vote in a numbered position up for election.
>
> "Stated another way, where the district has once provided for a runoff election - even though limited

> by its resolution to a particular year - must it
> thereafter hold runoff elections in plurality vote
> situations. "

Our function is to attempt to determine the intent of the Legislature. 53 Tex. Jur. 2d, Statutes, §125, p. 180 et seq.

Subsection (f) refers to "the provisions of this section." "This section" is §23.11. The 1971 Act adopting Subsection (h) specifically made it a part of §23.11. Therefore, as of the 1972 adoption of the resolution providing for a runoff by the Abilene District, Subsection (h) was one of the "provisions of this section" which, once adopted, thereafter could not be rescinded by action of the trustees.

It is our opinion, therefore, that, once having adopted the provisions of Subsection (h), even though its resolution referred specifically to the 1972 election, the Board of Trustees of the Abilene Independent School District was without authority to change the rule and that, in the absence of a court decision or statutory change, the elections of trustees for that district must be determined in runoff elections if there is no majority on the first ballot.

## SUMMARY

> Once a school district, subject to the provisions
> of Article 2775a-1, V. T. C. S., or §23.11, Education
> Code, V. T. C. S., has adopted a runoff as a means of
> determining the election of its trustees, all such elec-
> tions thereafter will be determined in that manner.

Very truly yours,

JOHN L. HILL,
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID KENDALL, Chairman
Opinion Committee